# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ALAN E. THOMPSON, DARRELL G.
HINRICHSEN, KEITH P. FOGEL,
WALLACE E. ALM and DONALD D.
BOE, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

UNITED TRANSPORTATION UNION,

    Defendant.

No. 07-CV-22-LRR

**ORDER**

_____

## TABLE OF CONTENTS

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.   JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

IV.   DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## I. INTRODUCTION

The matter before the court is Defendant United Transportation Union's ("Union") Motion for Summary Judgment ("Motion") (docket no. 13).

## II. RELEVANT PROCEDURAL HISTORY

On April 17, 2003, Plaintiffs Alan E. Thompson, Darrell G. Hinrichsen, Keith P. Fogel, Wallace E. Alm and Donald D. Boe (hereinafter collectively "Plaintiffs") filed a class action Petition at Law and Jury Demand ("Petition") in the Iowa District Court for Linn County on behalf of themselves and all others similarly situated. In the Petition,

Plaintiffs asserted state-law claims of breach of constructive trust (Count I) and breach of contract (Count II) against the Union.

In May of 2003, the Union removed the case to this court. *See Thompson et al. v. United Transp. Union*, 03-CV-49-LRR (N.D. Iowa May 13, 2003) (docket no. 1). Plaintiffs sought to remand the case. *Id.* (docket no. 10). On December 3, 2003, the undersigned granted Plaintiffs' motion to remand ("Remand Order"). *Id.* (docket no. 19); *Thompson v. United Transp. Union*, No. C03-49 LRR, 2003 WL 22859649 (N.D. Iowa Dec. 3, 2003). In the Remand Order, the court determined that "Plaintiffs [had] not asserted a right under any collective bargaining agreement and that their claims [did] not require an interpretation of any collective bargaining agreement." *Thompson*, 2003 WL 22859649, at *3. Therefore, the court concluded that there was no preemption by the Railway Labor Act. *Id.* The court remanded the case and noted that the Union could "raise the terms of a collective bargaining agreement as a defense to the enforcement of the 1996 Settlement Agreement" in state court. *Id.*

On December 18, 2003, the Union filed an answer in the state court proceeding. Answer (docket no. 1-2), at 18-25.

In the state court proceeding, Plaintiffs sought to certify a class pursuant to Iowa Rules of Civil Procedure 1.261, *et seq.* On June 8, 2004, the Honorable Marsha M. Beckelman, Judge of the Iowa District Court for Linn County, entered an order certifying a class of about 2028 people. Ruling (docket no. 1-2), at 30-38. The state court did not, however, authorize notice to the class and such notice was never sent. Defendant's Memorandum in Support of Motion for Summary Judgment (docket no. 13-2), at 13. On June 17, 2004, the Union filed a notice of appeal. Notice of Appeal (docket no. 1-2), at 39-40. On appeal, the Union challenged whether the named Plaintiffs were adequate representatives of the class. Order (docket no. 1-3), at 23.

2

Case 1:07-cv-00022-LRR   Document 19   Filed 11/15/07   Page 2 of 9

On April 19, 2005, Plaintiffs filed a motion to amend the Petition and attached an amended petition to the motion. *See http://www.iowacourts.state.ia.us*. On May 26, 2005, the state court filed an order staying the Plaintiffs' motion for leave to amend petition pending the conclusion of the class certification appeal. *See* Order (docket no. 1-3), at 23-24.

On September 14, 2005, the Iowa Court of Appeals issued an opinion and concluded that the state court did not abuse its discretion in certifying the class. Opinion (docket no. 1-3), at 33-40 & (docket no. 1-4), at 1-2; *Thompson v. United Transp. Union*, 705 N.W.2d 507, No. 04-0988, 2005 WL 2216965, * 1 (Iowa Ct. App. Sept. 14, 2005) (unpublished table disposition). On November 8, 2005, the Iowa Supreme Court denied further review of the case. Order (docket no. 1-4), at 9-10. On November 21, 2005, Procedendo issued. Procedendo (docket no. 1-4), at 11.

On December 5, 2005, the Union filed a motion for summary judgment on the claims in the Petition. *See* Ruling (docket no. 1-4), at 14. On April 17, 2006, the Honorable William L. Thomas, Judge of the Iowa District Court for Linn County,[1] issued an order ("State Summary Judgment Order") granting the Union's motion for summary judgment on preemption grounds. State Summary Judgment Order (docket no. 1-4), at 14-27. The order dismissed Counts I and II of the Petition, that is, Plaintiffs' breach of constructive trust claim and their breach of contract claim. *Id.* at 27. Counts I and II were the only claims contained in the Petition, and Plaintiffs presented them in paragraphs 25 through 45 of the Petition. Petition (docket no. 1-2), at 11-16. After dismissing Counts I and II, the state court granted Plaintiffs "leave to plead a claim of breach of duty of fair representation . . . ." State Summary Judgment Order (docket no. 1-4), at 27.

---

[1] On June 17, 2005, the state court specially appointed Judge Thomas to preside over the state court proceedings. *See* Order (docket no. 1-3), at 25.

3

On May 12, 2006, the state court issued a Pretrial Order and Trial Order, but there were no claims pending before the state court at that time. Pretrial Order and Trial Order (docket no. 1-4), at 28.

Plaintiffs then filed a reconsideration motion and asked the state court to "identify the alleged violation of the collective bargaining agreement and terms of the collective bargaining agreement on which the [state court] based its April 17, 2006, Ruling." Ruling (docket no. 1-4), at 29. On June 20, 2006, the state court denied Plaintiffs' request. *Id.* at 29-30.

On June 30, 2006, Plaintiffs filed a "Motion for Stay of All Proceedings Pending and [sic] Interlocutory Appeal or Motion to Amend Petition" ("Motion for Stay/to Amend"). Motion for Stay/to Amend (docket no. 1-4), at 31-34.[2] In the Motion for Stay/to Amend, Plaintiffs sought the following:

> (1) A stay of all proceedings pending an Interlocutory Appeal of the District Court's rulings dismissing all state claims or (2) granting of the Motion to Amend to state a claim for breach of a duty of fair representation and one other claim.

*Id.* at 31. In the Motion for Stay/to Amend, Plaintiffs stated: "A stay of these [state court] proceedings is necessary to allow [P]laintiffs the opportunity for an [i]nterlocutory [a]ppeal. *If* [P]laintiffs' Motion to Amend is granted, the case will become removable to the Federal District Court . . . ." *Id.* (emphasis added). In the second portion of the Motion for Stay/to Amend, Plaintiffs sought "alternative relief." *Id.* at 32-33. Specifically, Plaintiffs stated:

---

[2] The court notes that, although the Motion for Stay/to Amend is fashioned as a single document, both the Plaintiffs and Judge Thomas refer to Plaintiffs' alternative request in the Motion for Stay/to Amend as the "Motion to Amend." Therefore, when the court quotes the parties or the state court herein, it notes that their reference to the "Motion to Amend" is a reference to the alternative portion of the Motion for Stay/to Amend and not to a separate state court filing.

4

> Respectfully, [P]laintiffs request alternative relief, that in the event the [state court] declines its motion to stay these proceedings pending an application for Interlocutory Appeal, [P]laintiffs request that the [state court] grants its Motion to Amend Petition by adding Counts III and IV to the Petition.

*Id.* at 33.

Attached to the Motion for Stay/to Amend is a document titled "Amended Petition." Amended Petition (docket no. 1-4), at 35-36. In the document titled "Amended Petition," Plaintiffs state two counts: Count III alleges breach of the duty of fair representation and Count IV alleges breach of a duty voluntarily assumed. *Id.* Over two months earlier, in the State Summary Judgment Order, Judge Thomas granted summary judgment and dismissed Counts I and II (consisting of paragraphs 25 through 45) of the Petition. State Summary Judgment Order (docket no. 1-4), at 14-27. Despite that fact, the document titled "Amended Petition" attempts to incorporate by reference the allegations contained in paragraphs 1 to 45 of the then-dismissed Petition. *Id.*

On July 19, 2006, Judge Thomas granted Plaintiffs' Motion for Stay/to Amend and stayed the state court proceedings pending their interlocutory appeal ("Order Staying"). Order Staying (docket no. 1-4), at 37. In the Order Staying, Judge Thomas did not rule on the alternative portion of the Motion for Stay/to Amend nor did the state court file the "Amended Petition" that was attached to the Motion for Stay/to Amend. *Id.* In its entirety, the Order Staying stated:

> On this 19[th] day of July, 2006, the [Motion for Stay/to Amend] filed by Plaintiffs and Resistance thereto filed by [the Union] came before [Judge Thomas]. Plaintiffs seek a stay of this matter in order to file an application for interlocutory appeal of [the state court's] rulings of April 17 and June 20, 2006. In the alternative, Plaintiffs request the [state court] grant a Motion to Amend to add two additional counts to the Petition. [The Union] resists both requests for relief, asserting Plaintiffs are estopped from seeking a stay based on Plaintiffs having sought an Iowa Rule of Civil Procedure 1.904 Ruling

5

> from the [state court]. [The Union] further asserts Plaintiffs have not provided good cause for imposition of a stay in these proceedings, and Plaintiffs' request to amend their [P]etition is untimely and an attempt to litigate this action in a piecemeal fashion.
>
> Having reviewed the arguments of the parties, the [state court] finds the Motion for Stay of All Proceedings Pending an Interlocutory Appeal[3] should be granted in order to ensure Plaintiffs' viable state law claims are adjudicated by this [state court].
>
> It is therefore ordered that the Motion for Stay of All Proceedings Pending an Interlocutory Appeal[4] is granted. This action is stayed pending a determination by the Iowa Supreme Court on Plaintiffs' application for interlocutory appeal.

Order Staying (docket no. 1-4), at 37 (emphasis omitted; alterations added).

On February 14, 2007, the Iowa Supreme Court denied Plaintiffs' application for interlocutory appeal. Order (docket no. 1-4), at 41-42. On February 16, 2007, Procedendo issued. Procedendo (docket no. 1-4), at 43.

On February 27, 2007, the Union filed a Notice of Removal (docket no. 1), pursuant to 28 U.S.C. §§ 1441 and 1446. On the same date, the Union filed an "Answer to Amended Petition" (docket no. 2) in this court. On May 4, 2007, the court filed a Scheduling Order and Discovery Plan (docket no. 11). On May 9, 2007, the court filed a trial-setting order (docket no. 12).

---

[3] The court notes that the state court did not refer to the Motion for Stay/to Amend by its full title, but instead, omitted Plaintiffs' alternative request.

[4] Again, the state court did not refer to the motion by the full name used by Plaintiffs. The state court's shortening of the title of the motion appears to be purposeful and, as such, is further confirmation that the state court did not rule on the second portion of Plaintiffs' Motion for Stay/to Amend.

On May 30, 2007, the Union filed the instant Motion and seeks summary judgment on Count III and Count IV of the Amended Petition. On June 25, 2007, Plaintiffs filed a resistance ("Resistance") and requested oral argument. On July 5, 2007, the Union filed a reply ("Reply").

The court finds oral argument on the Motion unnecessary due to a jurisdictional bar, as set forth below.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction[,]" and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). "[T]he court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). In fact, every federal court "has a special obligation to consider its own jurisdiction" and raise sua sponte jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue." *Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991).

> "Without jurisdiction[, a] court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Here, there is no federal question subject matter jurisdiction because there are no claims pending before the court. The two claims in the Petition, Count I and Count II, were dismissed by the state court on April 17, 2006. Plaintiffs have not filed an Amended Petition since that time.[5] Although Plaintiffs attached an Amended Petition to their Motion

---

[5] In addition to reviewing the state court documents filed by the Union with its
(continued…)

for Stay/to Amend in the state court proceedings, the state court never granted Plaintiffs' request to amend the Petition or directed the clerk to file the Amended Petition. Instead, the state court granted a stay of the case pending the application for interlocutory appeal. As such, there is no petition, complaint or claims pending before this court. It goes without saying that there can be no federal jurisdiction when there are no claims pending before the court.[6]

Because the court has no subject matter jurisdiction, the court must deny the Motion as moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins both our standing and our mootness jurisprudence . . . ."); *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005) ("Questions of mootness are matters of subject matter jurisdiction . . . ."). When a case is dismissed for lack of subject matter jurisdiction, the court must dismiss it without prejudice, because such a dismissal is not an adjudication on the merits. *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004). However, when a case has been removed to federal court, it must be remanded when there is no subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that

---

[5](…continued)
Notice of Removal (docket no. 1) and the documents submitted in conjunction with the Motion, the court has taken judicial notice of the public records available at Iowa Courts Online, *available at http://www.iowacourts.state.ia.us*. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (addressing the court's ability to take judicial notice of public records). The only petition on record in the state case is the April 17, 2003 Petition.

[6] Defendants appear to have conceded this technicality and, in doing so, both parties have conceded that federal jurisdiction exists. Despite the parties' apparent agreement as to jurisdiction, the court is obligated to consider jurisdiction. *See Thomas*, 931 F.2d at 522-23.

the district court lacks subject matter jurisdiction, the case shall be remanded."). Therefore, the court shall remand the case to state court.

## IV. DISPOSITION

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Union's Motion (docket no. 13) is **DENIED AS MOOT**;

(2) The case is **REMANDED** to the Iowa District Court for Linn County;

(3) The Clerk of Court is directed to remove the case from the court's trial calendar; and

(4) The Clerk of Court is directed to provide a certified copy of this Order to the Clerk of Court for the Iowa District Court for Linn County.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA